UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
MELISSA SCAGNELLI,                                     Civil Action No.: 14-cv-10133(DAB)

                Plaintiff,

    -against-                                                        **ANSWER**

UNITED HEALTHCARE INSURANCE                DOCUMENT
COMPANY OF NEW YORK,                              <u>ELECTRONICALLY FILED</u>

                Defendant.
------------------------------------------------------------X

Defendant UNITED HEALTHCARE INSURANCE COMPANY OF NEW YORK ("UHIC"), by and through its attorneys, Sedgwick LLP, as and for its Answer to Plaintiff's Complaint dated December 23, 2014, respectfully sets forth the following upon information and belief:

FIRST: Denies knowledge or information sufficient to form a belief as to the truth of each and every allegation contained in paragraph "1" of the plaintiff's Complaint and respectfully refers all questions of law to the Honorable Court, except admits that Plaintiff's Complaint seeks relief under 29 U.S.C. §§ 1132(a), (e), (f) and (g) of the Employee Retirement Income Security Act of 1974 (hereinafter "ERISA") and that this Court has federal question subject matter jurisdiction over this matter under these code sections as well as 28 U.S.C. §1331.

SECOND: Denies each and every allegation contained in paragraph "2" of the plaintiff's Complaint as alleged and respectfully refers all questions of law to the Honorable Court, except admits Plaintiff was enrolled as a participant in her employer's group health benefit plan (the "Plan") and respectfully refer to the Plan documents for the applicable terms, conditions, limitations and exclusions set forth therein.

19975506v1

THIRD: Denies each and every allegation contained in paragraph "3" of the plaintiff's Complaint as alleged, respectfully refers all questions of law to the Honorable Court and respectfully refers to the Plan documents for the terms, conditions, limitations and exclusions set forth therein, except admits UHIC is a corporation incorporated in the State of New York, has its principal place of business in that State, is authorized to transact and is transacting business in the Southern District of New York, and can be found in the Southern District of New York and that UHIC issued a group policy of insurance to Plaintiff's employer (the "Policy") to fund benefits under the Plan and that UHIC administered certain claims for Plan benefits via its appointed Mental Health Substance Use Disorder Designee United Behavioral Health ("UBH"), as provided for by the terms of the Plan.

FOURTH: Admits the truth of each and every allegation contained in paragraph "4" of the plaintiff's Complaint.

FIFTH: Denies each and every allegation contained in paragraph "5" of the plaintiff's Complaint as alleged, respectfully refers all questions of law to the Honorable Court and respectfully refers to the administrative record pertaining to Plaintiff's claim kept and maintained by UHIC and/or UBH in the regular course and scope of their business, for the contents thereof as to the facts and circumstances recorded therein.

SIXTH: Denies each and every allegation contained in paragraph "6" of the plaintiff's Complaint as alleged, respectfully refers all questions of law to the Honorable Court and respectfully refers to the administrative record pertaining to Plaintiff's claim kept and maintained by UHIC and/or UBH in the regular course and scope of their business, for the contents thereof as to the facts and circumstances recorded therein.

SEVENTH:    Denies each and every allegation contained in paragraph "7" of the plaintiff's Complaint as alleged, respectfully refers all questions of law to the Honorable Court and respectfully refers to the administrative record pertaining to Plaintiff's claim kept and maintained by UHIC and/or UBH in the regular course and scope of their business, for the contents thereof as to the facts and circumstances recorded therein.

EIGHTH:    Denies each and every allegation contained in paragraph "8" of the plaintiff's Complaint as alleged, respectfully refers all questions of law to the Honorable Court and respectfully refers to the administrative record pertaining to Plaintiff's claim kept and maintained by UHIC and/or UBH in the regular course and scope of their business, for the contents thereof as to the facts and circumstances recorded therein, except admits that UBH, UHIC's appointed Mental Health/Substance Use Disorder Designee administered Plaintiff's claim for benefits.

NINTH:    Denies each and every allegation contained in paragraph "9" of the plaintiff's Complaint as alleged, respectfully refers all questions of law to the Honorable Court and respectfully refers to the administrative record pertaining to Plaintiff's claim kept and maintained by UHIC and/or UBH in the regular course and scope of their business, for the contents thereof as to the facts and circumstances recorded therein, except admits that UBH, UHIC's appointed Mental Health/Substance Use Disorder Designee, administered Plaintiff's claim for benefits, and that by letter dated May 8, 2014, UBH upheld its original adverse benefit determination, which denied Plaintiff's request for approval of coverage for additional Mental Health Partial Hospitalization/Day Treatment level of care from May 7, 2014 forward on the grounds that the intensity of treatment at this level of care did not match the severity of Plaintiff's symptoms and that Plaintiff could be safely treated at the Mental Health Intensive Outpatient level of care.

TENTH: Denies each and every allegation contained in paragraph "10" of the plaintiff's Complaint.

ELEVENTH: Denies knowledge or information sufficient to form a belief as to the truth of each and every allegation contained in paragraph "11" of the plaintiff's Complaint and respectfully refers all questions of law to the Honorable Court.

**AS AND FOR AN ANSWER TO THE FIRST CAUSE OF ACTION**

TWELFTH: Denies each and every allegation contained in paragraph "12" of the plaintiff's Complaint, including subparts (a) – (e) inclusive.

THIRTEENTH: Denies each and every allegation contained in paragraph "13" of the plaintiff's Complaint.

FOURTEENTH: Denies each and every allegation contained in paragraph "14" of the plaintiff's Complaint as alleged and respectfully refers all questions of law to the Honorable Court.

FIFTEENTH: Denies each and every allegation contained in paragraph "15" of the plaintiff's Complaint.

SIXTEENTH: Denies each and every allegation contained in paragraph "16" of the plaintiff's Complaint.

SEVENTEENTH: Denies each and every allegation contained in paragraph "13" of the plaintiff's Complaint.

**AS AND FOR AN ANSWER TO THE SECOND CAUSE OF ACTION**

EIGHTEENTH: In response to paragraph "18" of the plaintiff's Complaint, defendant repeats, reiterates and reallege each and every response to the allegations contained in paragraphs

"1" through "17" inclusive, with the same force and effect as if more fully set forth at length herein.

NINETEENTH: Denies each and every allegation contained in paragraph "19" of the plaintiff's Complaint, including subparts (a) – (c) inclusive.

**AS AND FOR A FIRST AFFIRMATIVE DEFENSE**

TWENTIETH: Plaintiff's claims for healthcare benefits for additional days of treatment at the Partial Hospitalization/Day Treatment level of care are not covered pursuant to the explicit terms and conditions of the governing ERISA Plan because her submissions did not demonstrate that she met the Plan's medical necessity criteria for such care and because plaintiff's ongoing treatment needs could be addressed at a different level of care.

**AS AND FOR A SECOND AFFIRMATIVE DEFENSE**

TWENTY-FIRST: To the extent plaintiff received benefits for covered services, benefits were properly paid pursuant to the unambiguous terms of the governing ERISA Plan and no further benefits are payable for such claims.

**AS AND FOR A THIRD AFFIRMATIVE DEFENSE**

TWENTY-SECOND: Plaintiff's claims fall outside of, or are otherwise defeated by the terms, conditions, limitations and exclusions of the governing ERISA Plan as set forth in the applicable Certificate(s) of Coverage.

**AS AND FOR A FOURTH AFFIRMATIVE DEFENSE**

TWENTY-THIRD: This action and each purported claim asserted therein fails to state facts sufficient to constitute a cognizable claim for relief against the UHIC.

**AS AND FOR AN FIFTH AFFIRMATIVE DEFENSE**

TWENTY-FOURTH: Plaintiff's claims are barred in whole or in part to the extent that plaintiff failed to name an indispensable party, the Plan.

**AS AND FOR AN SIXTH AFFIRMATIVE DEFENSE**

TWENTY-FIFTH: The claims for which plaintiff seeks recovery are not payable under the terms of the Plan in effect during the time period of the pertinent allegations in the Complaint.

**AS AND FOR AN SEVENTH AFFIRMATIVE DEFENSE**

TWENTY-SIXTH: UHIC acted responsibly and in good faith at all times material herein based on relevant facts and circumstances known by it at the time it so acted and pursuant to the Plan. Accordingly, plaintiff is barred from recovery for her claims in this action and the purported claims asserted therein.

**AS AND FOR AN EIGHTH AFFIRMATIVE DEFENSE**

TWENTY-SEVENTH: UHIC and UBH as claim fiduciary for the subject Plan, are granted complete authority to review all denied claims for benefits under the Plan and discretionary authority to determine: whether and to what extent participants are entitled to benefits; and to construe any and all disputed or doubtful terms of the policy; and UHIC, and its delegated Mental Health/Substance Disorder Designee and claim administrator, UBH, are deemed to have properly exercised this authority unless they abuse their discretion by acting arbitrarily and capriciously. UHIC and UBH's decision-making was not arbitrary or capricious and therefore, the Court cannot disturb their determination concerning plaintiff's claims.

**AS AND FOR A NINTH AFFIRMATIVE DEFENSE**

TWENTY-EIGHTH: All actions about which plaintiff complains were either required or permitted by applicable law.

## AS AND FOR A TENTH AFFIRMATIVE DEFENSE

TWENTY-NINTH:	Plaintiff's claim for attorney's fees under ERISA is unwarranted and premature.

## AS AND FOR A ELEVENTH AFFIRMATIVE DEFENSE

THIRTIETH: The Court's review of plaintiff's claim against UHIC is limited to the correspondence, notes and documents contained in the administrative record kept and maintained by UHIC in the regular course of its business.

## AS AND FOR A TWELFTH AFFIRMATIVE DEFENSE

THIRTY-FIRST:	Plaintiff's recovery, if any, is limited by the terms, conditions, limitations, exclusions, and other provisions of the Plan documents.

## AS AND FOR A THIRTEENTH AFFIRMATIVE DEFENSE

THIRTY-SECOND:	To the extent necessary, UHIC denies all allegations appearing as topic headings or subheadings in plaintiff's Complaint.

## AS AND FOR A FOURTEENTH AFFIRMATIVE DEFENSE

THIRTY-THIRD:	Plaintiff's Complaint fails to allege the circumstances relating to the claims asserted therein with sufficient particularity to enable United to determine whether it may have additional defenses in this action.  Therefore, United reserves the right to assert such additional defenses if they later become apparent

**WHEREFORE**, Defendant UHIC prays that:

1.	The action be dismissed, or that judgment be entered in favor of Defendant UHIC against Plaintiff;

2.	Defendant UHIC be awarded costs of suit incurred herein;

    3.    Defendant UHIC be awarded reasonable attorney's fees; and

    4.    Defendant UHIC be awarded such other and further relief as the Court may deem just and proper.

Dated: March 9, 2015
       New York, New York

                      Respectfully submitted,

                      /s/Michael H. Bernstein
                      MICHAEL H. BERNSTEIN (MB 0579)
                      SEDGWICK LLP
                      225 Liberty Street, 28th Floor
                      New York, New York 10281-1008
                      Telephone:  (212) 422-0202
                      Facsimile:  (212) 422-0925
                      Sedgwick File No. 03246-000272
                      *Attorneys for Defendant*

## CERTIFICATE OF SERVICE

I, Michael H. Bernstein, pursuant to 28 U.S.C. § 1746, hereby certify under penalty of perjury that a true and correct copy of the attached **ANSWER** was served via ECF on this 9th day of March, 2015, upon the following:

Scott M. Riemer
RIEMER & ASSOCIATES LLC
Attorneys for Plaintiff
60 E. 42nd Street, Suite 1750
New York, New York 10165
sriemer@riemerlawfirm.com

Lisa S. Kantor, Esq.
KANTOR & KANTOR, LLP
19839 Nordhoff Street
Northridge, CA 91324

/s/Michael H. Bernstein
Michael H. Bernstein (MB 0579)